*In the matter of the Petition of JOHN O'CONNOR for a writ of habeas corpus, and to be discharged from imprisonment.*

Error in the proceedings under which a conviction has taken place cannot be corrected on a writ of *habeas corpus.*

On the hearing after the return of a writ of *habeas corpus,* if the *mittimus* shows that the justice had jurisdiction, the merits of the conviction will not be inquired into.

The recitals in the *mittimus* will be taken to be true, in the absence of proof to the contrary, and when it appears that the justice had authority to imprison, and the sentence is in conformity with such authority, errors committed on the trial will not be regarded on the hearing of a writ of *habeas corpus.*

This was a writ of *certiorari* issued to the county judge of Jefferson county, to review a proceeding had by and before him on a writ of *Habeas Corpus* issued for the production of the body of the petitioner who was imprisoned in the jail of Jefferson county. The facts of the case are sufficiently stated in the opinion.

*By the Court,* WHITON, C. J.—We think the order which was made in this case by the county judge of Jefferson county must be reversed.

The petition which O'Connor presented to the judge for the writ of *Habeas Corpus,* stated that his imprisonment was illegal, for the following reasons, viz:

1st. No sufficient complaint or warrant has been issued, as the law requires, to give the said Baird, police justice, jurisdiction either of the subject matter or the person of said O'Connor, your petitioner.

2d. Said police justice had no jurisdiction of the subject matter, either to render judgment or fine said O'Connor, your petitioner, or to issue a mittimus in said cause upon said fine or as a consequence of its non-payment.

3d. Said police justice had no power and jurisdiction to hold

a court in matters of violation of statute, or in penal offenses, arising under the same.

4th. There is no provision of law compelling the jailor of Jefferson county to obey the command of said mittimus.

5th. The mittimus is irregular and void upon its face.

6th. There is no command to that officer having your petitioner in charge or under arrest, to deliver him to any person authorized or required to receive him, your petitioner.

7th. The whole proceedings under which your petitioner is held, are irregular, unlawful and void."

The return of the judge to the writ of *certiorari* states that he discharged O'Connor from imprisonment upon an examination of the petition and the papers annexed to his return. The only paper annexed to the return, in addition to the petition of O'Connor and the writ of *habeas corpus*, is the mittimus by virtue of which O'Connor was imprisoned.

The Judge must therefore have discharged O'Connor for the reason that the mittimus did not show, in the opinion of the judge, any proper cause or reason for the imprisonment.

The mittimus is directed to the sheriff or any constable, and to the keeper of the common jail of Jefferson county, and is as follows: "Whereas at a justice's court held in my office in said city, for the trial of John O'Connor, for the offense hereinafter stated, the said John O'Connor was convicted of having, on the 22d day of May, A. D. 1856, at the city of Watertown, in said county of Jefferson, sold to Ernst Off, spiritous and fermented liquors, to-wit: gin and beer, without first having obtained license therefor, according to the provisions of an act of the legislature of the State of Wisconsin, entitled "An act licensing the sale of intoxicating liquors," approved March 8th, 1851; and upon conviction the said court did adjudge and determine that the said John O'Connor should pay a fine of ten dollars, and costs of suit taxed, and three dollars and forty-seven cents, amounting in the whole to thirteen dollars and forty-seven cents, and in case of non-payment of said fine and costs of suit within twenty-four hours

after the same had been imposed upon him, that the said John O'Connor should be imprisoned in the county jail of Jefferson county for the space of sixty days; and whereas twenty-four hours have elapsed since said fine and costs have been imposed upon said John O'Connor: and whereas the same have not been paid; therefore you the said constable are commanded, in the name of the State of Wisconsin, forthwith to convey and deliver the said John O'Connor to the said keeper, and you the said keeper are hereby commanded to receive the said John O'Connor into your custody in said jail, and him safely keep until the expiration of said sixty days, unless the said fine, and all costs and jail fees occasioned by his prosecution and imprisonment be sooner paid by the said John O'Connor, or until he shall be thence discharged by due course of law." This mittimus is signed by the justice, and dated the third day of June, 1856.

We think the mittimus shows that the justice had jurisdiction. The act of the legislature of March 8th, 1851, gives justices of the peace jurisdiction of the offense described in the mittimus, and authorizes them to impose a fine on conviction. The act further provides, that unless the fine and costs are paid within twenty-four hours, the person convicted shall be imprisoned in the county jail for sixty days, unless sooner discharged by the payment of the fine and all costs and jail fees.

The section of the act which prescribes the punishment is very loosely and inartificially drawn; but this appears to be its proper construction. (Sess. Laws, 1851, chap. 162, § 5, 6.) The justice therefore had authority to imprison O'Connor unless the fine and costs were paid, and we must suppose that the recitals in the mittimus are true in the absence of all proof to the contrary.

If any error was committed by the justice on the trial of O'Connor, the proceedings on a writ of *habeas corpus* cannot correct it. (Blair's case, 4 Wis. R., 523.)

We must reverse the order of the county judge.