[No. 1577.]

## EX PARTE JOSEPH DELA, PETITIONER.

CRIMINAL LAW—COMMITMENT—RECITALS—JUDGMENT. The recitals of the commitment at the time of passing sentence to the effect that the court informed the petitioner of the finding of the indictment against him for murder, of his arraignment, plea, trial, and the verdict of the jury, are not sufficient to raise a presumption that he had been convicted of murder in the second degree, such recitals being of mere matters of procedure, and no part of the judgment, and which, if not included in the commitment, would not affect the right of the warden to detain the prisoner.

IDEM—IDEM—WHEN SUFFICIENT JUDGMENT. A judgment or commitment, reciting court and cause, and the sentence defining the punishment, and a statement of the offense for which the punishment is inflicted, is sufficient.

IDEM—HABEAS CORPUS—JURISDICTION OF COURT. The jurisdiction of a court or judge to render a particular judgment or sentence by which a person is imprisoned is a proper subject of inquiry on *habeas corpus.*

IDEM—IDEM—IDEM—PROCESS—RECORD. In a proceeding on *habeas corpus* where it is shown by the return that the petitioner is detained by virtue of a process issued upon a judgment of a competent court of criminal jurisdiction, such showing is *prima facie* only of the fact, and may be attacked or impeached by the record of the action, for the purpose of showing such excess or want of jurisdiction of the court or officer rendering or issuing the same as to make its action absolutely void, and that where the record shows such excess of jurisdiction, or such want of jurisdiction, as to render the judgment or process void, the petitioner, under such showing, is entitled to his discharge.

IDEM—INDICTMENT—MURDER—RAPE—CONSTITUTIONAL LAW—JURISDICTION. Upon an indictment and trial for murder, and a verdict adjudging defendant guilty of rape, the court has no jurisdiction to sentence and imprison defendant for such crime of rape, since the constitution (art. I, sec. 8) requires presentment and indictment for the particular offense before conviction is had, and, further, because the defendant is thereby deprived of his liberty without due process of law.

IDEM—MURDER—RAPE—CLASS OF OFFENSE—PUNISHMENT. Murder is a distinct class of offense under our law. It is a generic offense. Rape is of another class, and is, also, a generic offense. Hence, the act making all murder which shall be committed in the perpetration of arson, rape, etc., murder in the first degree, did not create a new crime, but merely made a distinction with a view of different degrees of punishment, based on different grades of crime.

IDEM—IDEM—COMMITTED IN PERPETRATION OF OTHER CRIME—MALICE AFORETHOUGHT. Under our statute making murder committed in the perpetration of rape, arson, etc., murder in the first degree, proof that the murder was committed in the perpetration of such other offense stands in lieu of the proof of malice aforethought.

ORIGINAL PROCEEDING.　Application by Joseph Dela for a writ of *habeas corpus.*　Granted.

The facts sufficiently appear in the opinion.

*A. J. McGowan*, for Petitioner.

*W. D. Jones*, Attorney-General, *contra:*

I.　The return to the writ is that the prisoner is held by the warden of the state prison by authority of a judgment of the district court of Lincoln county, wherein he was convicted of the crime of murder, and upon such conviction was by said court sentenced to the state prison for twenty years, and that said twenty years has not expired.

II.　*Habeas corpus* is not a writ of error, nor can it be used to authorize the exercise of appellate jurisdiction.　In a case like this the judgment, as it appears from the return, cannot be disregarded.　Nor will the record be looked into, except to ascertain whether a judgment exists.　If the judgment is wrong, the error could only have been corrected on appeal. It cannot be corrected on *habeas corpus.* (*Ex Parte Winston*, 9 Nev. 71; *Ex Parte Twohig and Fitzgerald*, 13 Nev. 303.)

By the Court, MASSEY, J.:

The facts shown by the petition, the return of the warden, and otherwise, are all conceded.　It was shown that the petitioner was indicted by the grand jury of Lincoln county on the 31st day of October, 1895, for the crime of murder committed on the 13th day of October, 1895; that he was tried therefor on the 13th day of November, 1895, in the District Court of the Fourth Judicial District of the State of Nevada, in and for Lincoln County, by a jury, and convicted of the crime of rape; that on the 16th day of November, 1895, he was sentenced to serve a term of twenty years in the state prison, upon a judgment based upon said verdict convicting him of the crime of rape.

The indictment upon which he was tried charges him with having committed the crime of murder in the perpetration of rape upon one Liza, an Indian girl under the age of 14 years.

The commitment set up in the return of the warden, after properly stating the court and cause, recites:

"This being the time set for passing sentence, the defendant, with his attorney, F. X. Murphy, Esq., together with the district attorney, T. J. Osborne, Esq., are in court. The defendant, Joseph Dela, was then informed by the court of an indictment having been found against him by the grand jury of Lincoln county, State of Nevada, on October 31, A. D. 1895, for the crime of murder, alleged to have been committed on or about the 13th day of October, 1895, at the said Lincoln county, and the State of Nevada; of his arraignment thereon on the 4th day of November, A. D. 1895; of his plea of not guilty as charged in the indictment on the 4th day of November, A. D. 1895, and of said plea being duly entered; of his trial and the verdict of the jury on the 14th day of November, A. D. 1895. The defendant was then asked by the court if he had any legal cause to show why judgment should not be pronounced against him; no legal cause appearing, or being shown to the court why judgment should not be pronounced in this case, the court rendered its judgment, and 'it is ordered, adjudged, and decreed that you, Joseph Dela, be punished for the crime of which you have been convicted in this court, by being incarcerated in the state prison of the State of Nevada for the term of twenty years. Defendant is remanded to the custody of the sheriff.'"

The clerk of the court certifies that the foregoing is a full, true, and correct copy of the original judgment in the case of the State of Nevada against Joseph Dela.

The verdict returned, after reciting the court and cause, is as follows: "We, the jury in the above-entitled action, find the defendant guilty of rape.   I. N. Garrison, Foreman."

The petitioner claims that under the showing made by the petition, return of the warden, and the record, the court exceeded its jurisdiction in rendering the judgment and imposing the sentence, and it is therefore null and void, and that the process issued thereon does not warrant his detention.

Against this claim it is contended that the commitment set up in the return of the warden shows that the petitioner is restrained of his liberty pursuant to a valid judgment of a competent court of criminal jurisdiction, and a valid process issued thereon; that the court had jurisdiction of the person of the petitioner and the subject matter, namely, the

crime of murder, charged in the indictment; and that such
showing not only authorizes his detention, but is conclusive,
and cannot be attacked or impeached on *habeas corpus*.  Is
the commitment valid, and does it show a valid judgment of
a court of competent jurisdiction?

By section 450 of our criminal procedure (Gen. Stats.
4330) it is required that, when judgment upon a conviction
is rendered, the clerk shall enter the same in the minutes,
stating briefly the offense for which the conviction has been
had, and shall within five days annex together and file the
following papers, which shall constitute the record of the
action:   First, a copy of the minutes of any challenge which
may have been interposed by the defendant to the panel of
the grand jury, or any individual grand juror, and the pro-
ceedings thereon; second, the indictment and a copy of the
minutes of the plea or demurrer; third, a copy of the min-
utes of any challenge which may have been interposed to the
panel of the trial jury, or an individual juror, and the pro-
ceedings thereon; fourth, a copy of the minutes of the trial;
fifth, a copy of the minutes of the judgment; sixth, the bill
of exceptions, if there be one; seventh, the written charges
asked of the court, if there be any.

By section 451 of the same act it is provided that a certi-
fied copy of the entry of the judgment as required in section
450, *supra*, shall be furnished forthwith to the officer whose
duty it is to execute the judgment, and that no other warrant
or authority is necessary to justify or require the execution
thereof, except when judgment of death is rendered.

We have then before us, as a part of the warden's return,
a full and complete copy of the judgment.  In one essential
matter it fails to comply with the requirements of section
450.  It does not briefly, or in any manner, state the offense
for which the petitioner had been convicted.  We cannot
know, nor can the warden know, therefrom, the offense for
which the prisoner was convicted and committed.

It appears from the judgment that the petitioner was con-
victed of some crime, but it is left to be surmised what the
crime is.  It might be claimed, as it was claimed on the
argument, that the recitals of the commitment at the time of
passing sentence, to the effect that the court informed the

petitioner of the finding of the indictment against him for murder, of his arraignment, plea, trial, and of the verdict, were sufficient to raise a presumption that he had been convicted of the crime of murder in the second degree.

But these recitals are no part of the judgment, and are only in keeping with the requirements of a preceding section of the same act (section 444) as to mere matters of procedure, and not of substantive law, which, if not included in the commitment, would not affect or impair the right of the warden to detain the petitioner.

This has been practically so held by this court.

In *Ex Parte Salge*, 1 Nev. 453, it was held that a commitment which was a certified copy of the judgment, reciting court and cause, and the sentence defining the punishment, and a statement of the offense for which the punishment is inflicted, was a sufficient warrant for holding a petitioner, and was a sufficient judgment.

In California, under a similar statute, the same rule prevails.

In the case of *In re Ring*, 28 Cal. 253, the supreme court of that state held that a certified copy of a judgment in the hands of the warden as a commitment, which failed to state the offense for which the prisoner had been convicted, was not sufficient to warrant his detention, but refused to discharge him because it was shown that the judgment entered in the minutes of the court under the requirements of the statute did contain such statement, and could readily be obtained. The supreme court of that state has in later cases followed the rule laid down in the case cited. (*Ex Parte Raye*, 63 Cal. 492; *Ex Parte Williams*, 89 Cal. 421.)

This court has also held a judgment of conviction void in proceedings on *habeas corpus*, for uncertainty in defining the time for which the defendant was sentenced to prison. (*Ex Parte Roberts*, 9 Nev. 44.)

It therefore appears from the statute and these decisions that there are two essentials to a valid judgment of conviction, and a process of commitment issued thereon, namely, the statement defining the punishment, and the statement of the offense for which the punishment is inflicted.

We are unable to see why a judgment or commitment

should be held insufficient for the omission of one essential, and sufficient in case of the omission of the other.

Are the recitals of the commitment, showing a judgment of a court having jurisdiction of the offense charged and of the person of the petitioner, conclusive of the legality of the imprisonment, and can it not be attacked or impeached on *habeas corpus?* By section 15 of the act regulating proceedings on *habeas corpus* (Gen. Stats. 3685), it is provided that the party brought before the judge on the return of the writ may deny or controvert any of the material facts or matters set forth in the return, or except to the sufficiency of the the same, or allege any fact to show that either his imprisonment or detention is unlawful, or that he is entitled to his discharge.

But this claim of conclusiveness is based upon a subsequent section of the same act (Gen. Stats. 3689), providing that it shall be the duty of the judge, if the time during which the party may legally be detained in custody has not expired, to remand such party, if it shall appear that he is detained in custody by virtue of the final judgment or decree of any competent court of criminal jurisdiction, or of any process issued upon such judgment or decree, or in cases of contempt of court. This section does not prescribe the method by which such fact shall be made to appear, and we must conclude that such showing was intended to be made according to the usual method of procedure in civil actions; that is, by the record of the case. Construing this section with section 15, *supra*, and with the immediately succeeding section, we think it was clearly intended that the jurisdiction of the court should be a matter to be properly inquired into on *habeas corpus.*

This not only appears to be the rule of our statute, but we believe it is the rule generally, and is sustained by a large number of well-considered cases of the courts of other states, and of the Supreme Court of the United States.

"The jurisdiction of a court or judge to render a particular judgment or sentence by which a person is imprisoned is always a proper subject of inquiry on *habeas corpus*." (9 Enc. Pl. & Prac. 1060.)

In one case the Supreme Court of the State of New York,

passing upon the precise question raised here, namely, the conclusiveness of the showing made in the commitment by the return of the warden, held that the petitioner could impeach the recitals in the commitment; basing this conclusion upon the just and logical reason that, it being the office of the writ to ascertain whether the prisoner is unlawfully imprisoned, there would otherwise be no method of showing the want or excess of jurisdiction in the court rendering the judgment. (*In re Divine*, 21 How. Prac. (N. Y.) 80.)

In a later case the court of appeals of the same state exhaustively discusses and reviews the principle involved, and concludes: "If the process is valid on its face, it will be deemed *prima facie* legal, and the prisoner must assume the burthen of impeaching its validity by showing a want of jurisdiction. Error, irregularity, or want of form is no objection, nor is any defect which may be amended or remedied by the court from which it issued. If there was no legal power to render the judgment or decree or issue the process, there was no competent court, and consequently no judgment or process. All is *coram non judice* and void." (*People* v. *Liscomb*, 60 N. Y. 571.)

A very full discussion of the doctrine will also be found in *Ex Parte Lange*, 18 Wall. 163. The Supreme Court of California has practically held to the same effect. The same doctrine is held to be the law by this court in *Ex Parte Winston*, 9 Nev. 74. We must therefore conclude that, while the court on *habeas corpus* has no power to inquire into mere irregularities or errors growing out of methods of procedure which are properly reviewable on appeal, yet, under a proper case, it will in such proceedings inquire into the jurisdiction of the court rendering the particular judgment, to ascertain whether such judgment is void for want or excess of jurisdiction, and to ascertain, in like manner, whether the process issued upon such judgment under which the petitioner is held is also void.

The petitioner was indicted for the crime of murder, alleged to have been committed in the perpetration of the crime of rape. He was tried for the crime of murder. The jury returned a verdict which in direct terms convicts him of the crime of rape. The court sentenced him to twenty

years' imprisonment for the commission of the crime of which he had been convicted.

Murder is defined by our statute (Gen. Stats. 4579) as the unlawful killing of a human being with malice aforethought, either express or implied. The unlawful killing may be effected by any of the various means by which death may be occasioned.

By section 17 of the act (Gen. Stats. 4581) it is provided, among other matters, that all murder which shall be perpetrated by means of poison or lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate, any arson, rape, robbery, or burglary, shall be deemed murder in the first degree, and shall be punished by the death of the person committing. By section 412 of the criminal procedure (Gen. Stats. 4292) it is provided that in all cases the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or may be found guilty of an attempt to commit the crime charged. We presume the judgment of the court, imprisoning the petitioner, was based upon this section of the statute.

It is hardly necessary to discuss the question as to whether or not the crime of rape is necessarily included in the crime of murder. Murder is a distinct class of offense under our law. It is a generic offense. Rape is of another class. It also is a generic offense.

The legislature, in passing the act making all murder which shall be committed in the perpetration of arson, rape, etc., murder in the first degree, did not create a new crime, but merely made a distinction with a view of different degrees of punishment, based upon different grades of crime.

It was not necessary at common law to even charge that murder was committed in the perpetration of another crime, and it was sufficient to charge it in the common form; and, upon proof that the crime was committed in the perpetration of another crime, such proof stood in lieu of the proof of malice aforethought. This doctrine is sustained by ample authority of the courts of other states under statutes similar to ours.

In *State* v. *Meyers*, 99 Mo. 113, it is said by the court: " The perpetration or the attempt to perpetrate any of the felonies mentioned in the statute during which attempt, etc., the homicide is committed, stands in lieu of, and is the legal equivalent of, that premeditation, deliberation, etc., which otherwise are necessary attributes of murder in the first degree." To the same effect are the following authorities: *People* v. *Giblin*, 115 N. Y. 197; *State* v. *Johnson*, 72 Iowa, 400; *Titus* v. *State*, 49 N. J. Law, 36; *Com.* v. *Flanagan*, 7 Watts & S. (Pa.) 418.

It is conceded that the court had jurisdiction of the person of the petitioner, and jurisdiction of the subject matter, namely, the crime of murder, of which he was charged.

It is also conceded that the court had jurisdiction to try and punish a person charged with rape. But can we hold, under the showing made by the record, that the court had jurisdiction to render the judgment of imprisonment in this particular case?

It is not sufficient to say that as the court has jurisdiction of the person, and jurisdiction to try, convict, and punish for certain crimes, it necessarily has the jurisdiction over the subject matter in a particular case.

The exercise of jurisdiction in this and all cases of felony depends upon certain indispensable conditions and requirements, the absence of which renders the action of the court not merely irregular, erroneous, and voidable, but absolutely void. By section 8, art. I, of the constitution, it is provided, in prohibitive terms, among other matters, that a person shall not be tried for a capital or other infamous crime (except in certain specified cases, of which the case at bar is not one), except on presentment or indictment of a grand jury, and that a person shall not be deprived of his life, liberty, or property without due process of law.

Can it even be pretended that the court, in the face of these direct and prohibitive terms of the constitution, could render a valid judgment of imprisonment for an offense of which it has jurisdiction, without presentment or indictment charging the particular offense?

Would not the action of the court in such proceeding be utterly void, because of excess of jurisdiction, and because it

deprived the party of his liberty without due process of law?

The question involved is not one of irregularity, growing out of rules of procedure, but is one of substantive law, based upon the direct terms of a constitutional guaranty. It is claimed that the record shows that the prisoner was indicted, tried, convicted, and sentenced for the crime of murder. By supplying presumptive facts, this contention is probably correct; but the proven facts of the record contradict and impeach these presumptions, and show conclusively that the petitioner was convicted of the crime of rape—a crime for which he was neither indicted nor tried, and of which he could not have been convicted under the charge contained in the indictment.

Finally, we conclude that in a proceeding on *habeas corpus*, where it is shown by the return that the petitioner is detained by virtue of a process issued upon a judgment of a competent court of criminal jurisdiction, such showing is *prima facie* only of the fact, and may be attacked or impeached by the record of the action, for the purpose of showing such excess or want of jurisdiction of the court or officer rendering or issuing the same as to make its action absolutely void, and that where the record shows such excess of jurisdiction, or such want of jurisdiction, as to render the judgment or process void, the petitioner, under such showing, is entitled to his discharge.

Believing the judgment in this case to be void because the court had no jurisdiction of the subject matter, that is, of the crime for which he was convicted, for the reason that the defendant was neither indicted nor tried for the crime of rape, and that the execution of the judgment deprives the petitioner of his liberty without due process of law, the commitment issued on said judgment does not justify his further detention, and he will accordingly be discharged.