[No. 1589.]

## EX PARTE ARNOLD MAHER, PETITIONER.

CRIMINAL SENTENCE—HARD LABOR—HABEAS CORPUS. Under Compiled
    Laws of 1900, secs. 4715, 4802, 4879, grand larceny is punishable by
    imprisonment in the state prison for not less than one nor more
    than fourteen years. Sections 1428, 1440 require that all able-bodied
    prisoners shall perform labor: Held, that a sentence of one con-
    victed of grand larceny to five years at hard labor is not void; that
    the words "at hard labor" in said sentence were mere surplusage,
    and in no manner affected the validity of the judgment.

ORIGINAL PROCEEDING. Application by Arnold Maher for
writ of *habeas corpus* to the Warden of the State Prison.
Writ dismissed.

The facts sufficiently appear in the opinion.

*E. T. Dupuis,* for Petitioner:

I. Was the judgment pronounced by the court in excess
of its jurisdiction? Petitioner most earnestly submits that
it was. There is no provision of law in this state which per-
mits a court in rendering judgment for a felony to add as a
further punishment to a term of years, the punishment of
"hard labor." The statute is clear and mandatory. It does
not prescribe "hard labor." It merely prescribes imprison-
ment for a term of years, "not less than one nor more than
fourteen." (*State* v. *Gray,* 37 N. J. 368; *Ex. Parte Page,* 49
Mo. 291; *People* v. *Kelly,* 97 N. Y. 213.)

II. In England the settled practice is that, where the
inferior court on a valid indictment transcends its power
in passing sentence by giving one which the law does not
authorize, the superior or appellate court will neither pass
the proper sentence nor send back the record to the court
below, in order that they may do so, but that they will
reverse the judgment and discharge the prisoner. (*The
King* v. *Ellis,* 5 Barn. & Cress. 395; *The King* v. *Bonne,* 7
Ad. & Ellis, 58.)

III. In *Ex Parte Reynolds,* 87 Ala. 139, the prisoner was
convicted of violating a prohibition ordinance, and was sen-
tenced to imprisonment at hard labor upon the streets for a
period of thirty days, while the punishment in such a case
was only by fine and imprisonment. He was released upon

a petition of *habeas corpus*, on the ground that the law did not confer upon the justice the authority to impose labor on the streets as a punishment. (See also *Ex Parte Kelly*, 65 Cal. 154; *Ex Parte Bernert*, 62 Cal. 524; *People* v. *Riley*, 48 Cal. 549; *In re Funston*, 55 Neb. 708; *In re Johnson*, 46 Fed. Rep. 477; *In re Pridgeon*, 57 Fed. Rep. 200; *In re Graham*, 138 U. S. 462.)

*W. D. Jones*, Attorney-General, and *J. Emmett Walsh*, District Attorney, for Respondent:

I.   The rule adopted by this court in the construing of statutes relating to the same subject matter is: "Statutes relating to the same subject matter which can stand together should be so construed as to make each effective." (*State* v. *Hoover*, 5 Nev. 141; *State* v. *Rogers*, 10 Nev. 319; *State* v. *Donnelly*, 20 Nev. 214.)

II.   A state prison has been established and the commissioners have such supervision of all matters connected with it as is provided by law. (Art. V, sec. 21, Const.) The legislature has provided by law that the convicts therein shall perform faithful labor, and receive commutations of sentence. (Comp. Laws, 1428, *et seq.*) The petitioner, therefore, cannot complain that he has been sentenced to hard labor in the state prison, for it was authorized by law.

III.   Under the rule cited above, the statute authorizing the court to sentence the petitioner to the state prison not to exceed fourteen years (Comp. Laws, 4879), the court had authority to sentence petitioner to the state prison for five years; and under the statute (Comp. Laws, 1428, *et seq.*) the court had authority to include in the sentence "at hard labor," for the prison commissioners do require hard labor of those convicts capable of performing hard labor; and by performing hard labor petitioner benefits himself by commuting his time nearly one year, or nearly one-fifth of his entire time. Thus reading the statute fixing the punishment for the crime for which petitioner was convicted (Comp. Laws, 4879) with the statute that compels him to perform labor (Comp. Laws, 1428, *et seq.*) the law authorized the court to adjudge that petitioner should perform labor, hence the writ should be denied.

By the Court, Massey, J.:

Arnold Maher was indicted, tried, and convicted for the commission of the crime of grand larceny, and was thereupon sentenced by the court to imprisonment "in the state prison of the State of Nevada for a term of five years at hard labor." He is now serving the term of imprisonment imposed, and brings this proceeding for his discharge, basing his right thereto upon the claim that the judgment is absolutely void, for the reason that the court exceeded its jurisdiction in imposing hard labor as a part of the penalty.

By the terms of our statute grand larceny is punishable by imprisonment in the state prison for a term of not less than one year nor more than fourteen years. (Comp. L. 1900, secs. 4715, 4802, 4879.)

The petitioner urges that, notwithstanding the court had jurisdiction of the subject matter and of his person, it had no power or jurisdiction to render the particular judgment, and cites a large number of authorities in support of this contention.

This court has held in *Ex Parte Dela*, 25 Nev. 346, 60 Pac. 217, in effect, that the judgment of a court upon trial and conviction without indictment is void because in excess of jurisdiction, recognizing to that extent the rule relied upon. A large number of authorities for and against the claim have been cited by counsel. A concise statement of the rule, fully annotated, will be found in 15 Am. & Eng. Enc. Law, 2d ed., p. 170, *et seq.*, and a very full and fair discussion of the reason therefor in *Ex Parte Cox* (Idaho), 32 Pac. 197.

We do not believe we are required to apply the rule invoked to the facts shown, as we have a statute providing for the government of the state prison, by the provisions of which all able-bodied prisoners are required to perform labor, the faithful performance of which inures to their benefit in the commutation of the penalty imposed by the court. (Comp. Laws, secs. 1428, 1429, 1440.)

Under the provisions of this act the sentence of the court added nothing to the severity of the punishment and nothing to the infamy of the prisoner. It was harmless, so far as the petitioner is concerned. The words "at hard labor," under the facts shown and the statutes, should therefore be treated

as mere surplusage, and in no manner affecting the validity of the judgment.

While, therefore, we cannot discharge the petitioner for the reasons given, yet it is undoubtedly the safe and better practice to strictly limit the penalty to that of the statute prescribing the punishment for each offense.

Let the writ be dismissed, and the petitioner remanded to the custody of the warden.