[No. 1616.]

## Ex Parte DENNIS DOYLE.

CRIMINAL LAW—JUDGMENT—RECITAL OF OFFENSE—SUFFICIENCY. A judgment reciting that defendant was informed of an indictment found against him for the crime of escaping from an officer, and that his plea of guilty was duly entered, and that it was adjudged that he be punished for the crime for which he had "pleaded guilty," sufficiently stated the offense for which the conviction was had.

APPLICATION by Dennis Doyle for a writ of *habeas corpus*. **Writ dismissed.**

The facts sufficiently appear in the opinion.

*Ed. T. DuPuis*, for Petitioner:

I. The judgment and the process of commitment issued thereon are void, for the reason that there is no statement defining the crime for which the prisoner was convicted, as required by Section 4415 of the Compiled Laws.

II. "There are two essentials to a valid judgment of conviction and a process of commitment issued thereon, namely, the statement defining the punishment, and the statement of the offense for which the punishment is inflicted." (*Ex parte Dela*, 25 Nev. 350.)

III. "A judgment in a criminal action must show the parties thereto, the court in which it was rendered, the terms of imprisonment and the offense for which the prisoner is to be punished." (*Ex parte Salge*, 1 Nev. 453.)

IV. "A warrant of commitment must set forth the offense with which the person is charged or of which he stands convicted, or he will be discharged on *habeas corpus*." (*Ex parte Rhoe*, 5 Ark. 104; *Ex parte Jackson*, 45 Ark. 158.)

V. "A commitment must show the offense and a judgment in pursuance of the statute." (*Sipple* v. *Rodgers*, 5 Harr. Del. 149.)

By the Court, MASSEY, C. J.:

Dennis Doyle brings *habeas corpus* for his discharge from the state prison. He claims that his imprisonment is unlawful because the judgment of the district court sentencing him to imprisonment is void, in that it fails to state the offense for which he was convicted.

The certified copy of the judgment set out in the warden's return, omitting the title of the court and the cause, is as follows: "The time having arrived set by the court for passing sentence on the defendant, Dennis Doyle, the defendant is in court and the district attorney is in court. The defendant was then informed by the court of an indictment having been found against him by the grand jury of Lincoln county, Nevada, on the 22d day of November, A. D. 1901, for the crime of escaping from an officer, and of his arraignment on the 22d day of November, A. D. 1901, and of his plea of guilty duly entered on the 30th day of November, A. D. 1901. The defendant was then asked by the court why judgment should not be pronounced at this time. There being no legal cause appearing or being shown to the court why judgment should not be pronounced at this time, the court renders its judgment: It is ordered, adjudged, and decreed that the defendant, Dennis Doyle, be punished for the crime to which you have pleaded guilty by being incarcerated in the state prison at Carson City, Nevada, for the period of two years. The defendant is remanded to the custody of the sheriff."

The petitioner bases his claim to discharge upon the decision of this court in *Ex parte Dela*, 25 Nev. 346, 60 Pac. 217; but an examination of that case shows that there is a wide and marked difference between it and the case at bar.

In the Dela case the jurisdiction of the court to render the particular judgment was directly attacked in the petition. It was shown by the petition that Dela was indicted and tried for the crime of murder, and upon the trial was convicted by the jury of the crime of rape. A judgment was based upon this verdict convicting him of rape, by which he was imprisoned for the crime of murder. The recitals of the judgment did not show that he had been convicted of rape, neither could such fact be inferred therefrom. An examination of that case will further show that the judgment did not even recite that Dela had been convicted of the crime of murder, but left that fact to be inferred from the recital that he had been indicted for murder, and upon plea and trial there was a verdict of a jury.

It was therefore well said in that opinion, under the facts

of that case, that "it appears from the judgment that the petitioner was convicted of some crime, but· it is left to be surmised what the crime is"; and it was proper to treat those recitals of a judgment as mere matters of procedure, the omission of which could not affect the validity of the judgment, under the claim of the attorney-general that such recitals raised a presumption of the conviction of Dela for murder, and that such presumptions could not be impeached or contradicted.

It may be true that the language used by the justice who prepared the opinion in that case, in the discussion of these points, may not be as clear as it should, but the final conclusions of the court on page 355, 25 Nev., *supra*, show precisely what was decided under the facts of that record.

In the case at bar the petitioner was not convicted of the offense charged. It is shown by the judgment, and this fact is not even denied or attempted to be contradicted, that he entered a plea of guilty to the crime charged by the indictment, to wit, escaping from an officer, and upon his plea of guilty was sentenced to imprisonment for a term of two years.

It clearly appears from the record in this proceeding that the judgment is not void for the want of any essential matter, and that the petitioner is detained by the warden by virtue of a final judgment of a competent court of criminal jurisdiction, and that the time during which the petitioner may be legally detained has not expired.

The petitioner will therefore be remanded to the custody of the warden, and the writ dismissed.

Let an order be entered accordingly.