NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES JENNINGS, | No. 10-16012 |
| Petitioner - Appellant, | D.C. No. 3:06-cv-00267-JCM-RAM |
| v. | |
| RENEE BAKER; ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 18, 2012
San Francisco, California

Before:  D.W. NELSON, MURGUIA, and CHRISTEN**, Circuit Judges.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*       Judge Christen was drawn to replace Judge Betty Binns Fletcher. Judge Christen has read the briefs, reviewed the record, and listened to the oral arguments that were held on October 18, 2012.

Nevada state prisoner Charles Jennings appeals from the district court's judgment denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2553. We review de novo, *Brown v. Horell*, 644 F.3d 969, 978 (9th Cir. 2011), and we affirm.

Jennings was convicted by a jury of first-degree murder with the use of a deadly weapon. The jury indicated by special verdict that ten of twelve jurors found Jennings committed first-degree murder under a felony murder theory, eleven jurors found Jennings committed first-degree murder under a premeditated murder theory, and eleven found Jennings committed first-degree murder under a lying in wait theory. Jennings was sentenced to serve two consecutive life terms without the possibility of parole. Jennings argues that he is entitled to habeas relief because the Nevada court violated his due process and fair trial rights by allowing him to be convicted of first-degree murder without jury unanimity as to the theory of guilt.

The Nevada court's rejection of Jennings's claim on direct appeal was neither contrary to nor involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). The Supreme Court has determined that states may properly designate felony murder and premeditation theories as "alternative means to satisfy

2

the mental element of a single offense." *Schad v. Arizona*, 501 U.S. 624, 644 (1991) (plurality opinion). Nevada has made such a designation; it includes kidnapping as a predicate for felony murder convictions. Nev. Rev. Stat. § 200.030(1)(b) (1995). The *Schad* court approved of split theory first-degree murder convictions under an Arizona murder statute materially indistinguishable from Nevada's. *See Schad*, 501 U.S. at 628 n.1.

The distinction between the felony murder conviction in *Schad* and the one at issue here did not compel a contrary result. As in *Schad*, Nevada has a long history of treating felony murder as the "legal equivalent" of premeditation. *See, e.g., Ex parte Dela*, 60 P. 217, 220 (Nev. 1900) (internal quotations omitted). Nevada continues to apply this rule in the twenty-first century. *Crawford v. State*, 121 P.3d 582, 586 (Nev. 2005). No state legislature or court has determined subsequent to *Schad* that kidnapping is an insufficient underlying offense for felony murder. Jennings's intentional act of kidnapping while brandishing a gun is no less the "moral equivalent" of premeditation than Schad's act of robbery. *See Schad*, 501 U.S. at 643.

The Nevada Supreme Court did not unreasonably apply *Schad* by affirming Jennings's conviction and Jennings is therefore ineligible for habeas relief. 28 U.S.C. § 2254(d)(1).

Jennings also raised the uncertified issue of ineffective assistance of counsel on appeal, arguing that his appellate counsel violated his right to a fair trial by failing to appeal the trial court's decision to allow the admission of Jennings's prior trial testimony. Jennings has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and has not "'demonstrate[d] that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). We decline to expand the certificate of appealability and, therefore, dismiss Jennings's uncertified issue for lack of jurisdiction. *Doe*, 508 F.3d at 569.

**AFFIRMED.**

4