# REPORTS OF CASES

### DETERMINED IN THE

# SUPREME COURT

### OF THE

# STATE OF NEVADA,

### JANUARY TERM, 1871.

---

## THE STATE OF NEVADA, Respondent, v. WILLIAM CHAMBERLAIN, Appellant.

VENUE MATERIAL IN INDICTMENTS. An allegation of the county wherein a crime was committed is as material in an indictment as any fact constituting the body of the offense.

STATUTORY FORM OF INDICTMENT DEFECTIVE. The form of an indictment given in the statute of 1867, (Stats. 1867, 126) is insufficient in so far as it omits the venue.

CONSTRUCTION OF STATUTE CONTAINING FORM OF INDICTMENT. The section of the criminal statute giving the form of an indictment and omitting the venue therefrom (Stats. 1867, 126) is controlled by the next section, which requires a statement of all essential facts.

OMISSION OF VENUE IN INDICTMENT NOT AMENDABLE. An indictment which omits to state the venue cannot be amended in that respect.

MEANING OF "INDICTMENT OF A GRAND JURY" IN CONSTITUTION. Where an indictment, which omitted the essential allegation of venue, was amended in that respect: *Held*, that it was no longer an "indictment of a grand jury," within the meaning of Art. I, Sec. 8, of the Constitution.

AMENDMENT OF INDICTMENT. A Court has no more power to add any material charge, accusation or allegation to an indictment, than it has to find a bill in the first instance.

APPEAL from the District Court of the Eleventh Judicial District, Elko County.

The original indictment in this case was as follows :

"STATE ·OF NEVADA,     }ss. ·
    County of Elko,

To the District Court of the Eleventh Judicial District.

THE STATE OF NEVADA, Plaintiff,
     *v.*
WILLIAM CHAMBERLAIN, Defendant.

The said defendant, William Chamberlain, is accused by the grand jury of the County of Elko, State of Nevada, of the crime of murder, committed as follows :

The said William Chamberlain on the sixth day of July, A.D. 1869, without authority of law, and with malice aforethought, killed one James Bender, by shooting him with a rifle.

WM. M. GILLESPIE,
District Attorney of said County.
Per Daniel E. Waldron,
· Deputy District Attorney for said County."

Endorsed : "The State of Nevada *v.* William Chamberlain, for murder, first degree. Names of witnesses : Robert Wood, Edward Lamb, J. F. Newman. A true bill. Frank Denver, Foreman Grand Jury. Filed in open Court, August 18th, 1869. T. A. Waterman, Clerk."

The amendment consisted in inserting, after the figures "1869," and before "without," in the body of the indictment, the words : "In the County of Elko, State aforesaid."

*Pitzer & Flack,* for Appellant.

[No brief on file.]

*L. A. Buckner,* Attorney General, for Respondent.

I.   The original indictment was sufficient, because it followed the form laid down in the statute. If the Legislature had the right to determine and direct the method of procedure in criminal cases, it follows, as a logical sequence, that when it acted its legis-

lation on the subject was decisive.   (*State* v. *Millain*, 3 Nev. 409;
*State* v. *Anderson*, 4 Nev. 265.)

II.   The State had a right to amend, and was not limited to
mere matter of form.   The character of the charge was not changed.
*It was still for murder.*   Defendant was not prejudiced in the
merits of his defense.

III.   It is not necessary to state any venue in the body of the
indictment, but the county, city or other jurisdiction named in the
margin thereof shall be taken to be the venue of all the facts in
the body of the indictment.   The State and county appear on the
face of this indictment.   (1 Bishop's Crim. Procedure, Sec. 91 ;
*State* v. *Millain*, 3 Nev. 409 ; *State* v. *Anderson*, 4 Nev. 265.)

IV.   An amendment under the Criminal Practice Act has no
similarity to the civil—in the latter the amended pleading substi-
tutes the original, but under the former the only result on the de-
fendant is that it may work an adjournment.   It is the same plead-
ing, if it does not alter the character of the charge.   To require
the amendment to be found would be to deny to the Legislature the
power to provide for amendments. .

By the Court, LEWIS, C. J.:

The defendant was indicted by the Grand Jury of the county of
Elko, for the crime of murder.   The indictment found and pre-
sented by them containing no allegation to the venue or locality of
the crime, a motion was made before the District Court for leave
to amend it in that particular, which being allowed, the addition
was made and the defendant arraigned and put upon his trial, con-
victed of murder in the second degree and sentenced in accordance
with law.   Upon this appeal it is claimed the Court below erred in
allowing the amendment, and in trying the defendant upon the in-
dictment so amended.

This point we think well taken.   An allegation of the county
wherein a crime is committed is manifestly material, as much so as
any fact constituting the body of the offense itself.   It has always
been held necessary by the Courts, and indictments have invariably
been held insufficient which did not in some way state the locality
of the crime.

It was thought necessary at common law to state the particular town, neighborhood, village or parish, wherein the offense was committed; now, however, no designation of the place except the county is required, but that is indispensable. True, the statute (Stats. 1867, 126) prescribes a form from which the venue seems to be omitted, but it will be observed the section following that prescribing the form requires the statement of all essential facts. This last section we think should control the mere form set out in the prior section. Such allegation being a material and essential part of the indictment, it is clear the Court could not amend it by the addition of such allegation, for the obvious reason that the Constitution of this State (Art. I, Sec. 8) prohibits the trial of any person for a " capital or other infamous crime    *    *    * except on presentment or indictment of a grand jury."

There can be no difference of opinion as to what is meant by the expression " indictment of a grand jury." It manifestly means a written accusation made and presented by the inquisition known as a grand jury. But if, after being presented to the court, an indictment so found be in any particular materially modified or altered; if anything of substance be added to or taken therefrom by the Court, it cannot with any degree of propriety be denominated an indictment of a *grand jury*. If, as in this case, something material be added to it, the portion so added would not be a finding or accusation by the jury, but by the Court; nor if modified in any essential matter would the portion so modified be their work.

If the Courts have the power to add to or take from anything material in an indictment, where is the limit to that power? If one can arrogate to itself any portion, upon what rule could it be held that it should not take upon itself the entire duties of the grand jury? Clearly no indictment upon which a person can be legally tried can be found except by a grand jury, and the Courts have no more authority to add any material charge, accusation or allegation to it than they have to find the bill in the first instance.

The judgment must be reversed; and as the original indictment is radically defective, the Court below will submit this case to another grand jury.

It is so ordered.