IN THE MATTER OF THE APPLICATION OF ROBERT OHL
FOR A WRIT OF HABEAS CORPUS.

No. 3274

August 2, 1939.                                    92 P. (2d) 976.

*Harry Swanson, George S. Green* and *John P. Thatcher,* for Petitioner:

*Douglas A. Busey,* City Attorney, for Respondent:

**OPINION**

By the Court, DUCKER, J.:

This is an original proceeding in habeas corpus. The petition shows that petitioner was convicted in the municipal court of the city of Reno on a charge of driving a motor vehicle while intoxicated. From the judgment of the municipal court, petitioner appealed to the Second judicial district court. He was tried in the latter court without a jury, found guilty, and sentenced to thirty days confinement in the Reno city jail and fined $300. He was immediately imprisoned in said jail.

Matters wherein it is claimed that petitioner's imprisonment is illegal are also set out in the petition. On the issuance of the writ petitioner was admitted to bail. He bases his claim that his imprisonment is illegal upon the following grounds:

First: That he was sentenced too soon after the decision of the court in violation of sections 11040 and 11041 N. C. L.

Second: That no duplicate certified copies of the entry of the judgment in the minutes, attested by the clerk, under seal of the court, were furnished to the officers whose duty it was to execute the judgment, contrary to section 11062 N. C. L.

Third: That he was tried without a jury in said district court, a jury not having been waived.

██ We will consider the contentions in the above order. The sections claimed to have been violated by a premature judgment read respectively:

"§ 11040. After a plea or verdict of guilty, or after a verdict against the defendant, on a plea of a former

conviction or acquittal, or once in jeopardy, if the judgment be not arrested or a new trial granted, the court shall appoint a time for pronouncing judgment."

"§ 11041. The time appointed shall be at least two days after the verdict, if the court intend to remain in session so long; or, if not, as remote a time as can reasonably be allowed. But in no case shall judgment be rendered in less than six hours after the verdict."

Respondent advances several reasons why the contention that petitioner's imprisonment is unlawful because he was sentenced in less than six hours after his conviction, cannot prevail. The statement of one will suffice. If the sentence was so pronounced it was at the most an irregularity. This would not deprive the court of jurisdiction to pronounce a valid sentence. Errors or irregularities within the jurisdiction of the court are beyond the scope of inquiry by habeas corpus. That was settled long ago in Nevada and quite generally elsewhere. Ex Parte Smith, 2 Nev. 338; Ex Parte Winston, 9 Nev. 71; Ex Parte Davis, 33 Nev. 309, 110 P. 1131; 29 C. J. 25 and cases cited in note 4 on that page.

The precise question before us, namely, the effect of a premature sentence, has been determined in Ex Parte Smith, supra. The court said: "The legality of the judgment is contested on the ground that the sentence or judgment was passed in less than six hours after the plea of guilty was entered. * * * Whether the recital above quoted does or does not sufficiently show that the sentence immediately followed the plea without the intervention of time which the statute (secs. 435-6 of the Criminal Practice Act) requires, it is not now material to determine. If it does, it would at most but show error or irregularity on the part of the Court below in not fixing a subsequent time for the passing of sentence. Such error must be taken advantage of in the manner prescribed by statute. The defendant should, in due time, have excepted to the action of the Court and taken his appeal to this Court. Habeas corpus is not the proper writ to review the decisions

of a District Court, and correct its errors or amend its irregularities."

The same ruling on the identical question will be found in In re Barton, 6 Utah, 264, 21 P. 998; and Ex Parte Ah Sam, 83 Cal. 620, 24 P. 276.

■ But petitioner contends that as there is no appeal in this case from the judgment of the district court, the error claimed should be reviewed in this proceeding. This contention, if allowed, would convert the writ of habeas corpus into a writ of error. The same contention could be made to all other errors claimed to have been committed on a trial de novo. There must be an end to criminal proceedings, and the legislature has established the district court as the court of last resort in minor cases.

■■ As to the second contention, the return made to the writ by respondent chief of police of the city of Reno, shows that he detains and imprisons petitioner by authority of a judgment of imprisonment rendered by said district court on the 17th day of February 1939, and certified copy of the entry of said judgment attested by the clerk under seal of said court furnished respondent on February 23, 1939. This being shown, and it being further shown by the return that the term of imprisonment has not expired, it would seem to be the duty of this court to remand petitioner to said imprisonment. Section 19 of the habeas corpus act, section 11393 N. C. L. provides: "It shall be the duty of such judge, if the time during which such party may be legally detained in custody has not expired, to remand such party, if it shall appear that he is detained in custody by virtue of the final judgment or decree of any competent court of criminal jurisdiction, or of any process issued upon such judgment or decree, or in cases of contempt of court."

Petitioner's claim of illegal detention in this respect is predicated solely upon the fact that the certified copy of the entry of judgment was not forthwith furnished respondent as provided by section 11062 N. C. L., but

furnished him later, on February 23, 1939. How this could render petitioner's imprisonment unlawful, is not discernible. It could have no such effect. Ex Parte Smith, supra. Nor could it render respondent's custody of petitioner under the conviction unlawful. The return further shows that a police officer of the city of Reno, a representative of respondent, was present in court when the judgment was rendered and entered, and that petitioner was remanded into respondent's custody for the execution of sentence. The certified copy of the judgment furnished him later was merely the evidence of his authority for executing the sentence of the law. 15 Am. Jur. 152; State v. Hatfield, 66 Wash. 9, 118 P. 893, 38 L. R. A. (N. S.) 609. Of course it should have been furnished forthwith upon the entry of judgment, but the delay does not affect it. Ex Parte Nakanishi, 19 Cal. App. 552, 126 P. 508.

Is the punishment unlawful because petitioner was tried without a jury in the district court? A proviso in section 3, article 16, of the charter of Reno, as amended, reads: * * * Provided, that the trial and proceedings in such cases [breaches or violations of the provisions of any ordinance of said city or its charter], in the municipal court or on appeal therefrom, shall be summary and without a jury." Stats. 1937, p. 456.

In the first place it is contended that said proviso in providing for trial and without a jury on appeal, is unconstitutional because in violation of section 17, article 4, of our state constitution, providing that the subject matter of each law shall be briefly expressed in the title. And secondly, it is unconstitutional because contrary to section 3, article 1, of said constitution, in that it denied the accused the right to a jury trial secured by such section.

We are again confronted with the question of the availability of habeas corpus to determine the question. Counsel for respondent has objected to the use of the writ for such an inquiry and has produced ample authority for his position.

Section 10920 N. C. L. provides in part as follows: "Issues of fact must be tried by jury, unless a trial by jury be waived in cases not amounting to felony, by consent of both parties expressed in open court. * * *"

That the constitution does not prevent a waiver of a jury trial in a misdemeanor case will not be doubted. The absence of a jury, therefore, in such a case would not affect the jurisdiction of the court to proceed to trial and judgment. A denial of a jury trial in a case of that character would be merely an error within jurisdiction and beyond the reach of habeas corpus. Ex Parte Miller, 82 Cal. 454, 455, 22 P. 1113; In re Fife, 110 Cal. 8, 42 P. 299. In the latter case the petitioner sought release by habeas corpus from imprisonment for conviction on a charge of vagrancy. He had not waived a jury trial in the police court and expressly demanded it in the superior court. It was held that the denial by the lower court of the demand for a jury was only error and did not go to the question of jurisdiction, and therefore could not be reviewed in the proceeding of habeas corpus. The writ was dismissed. The court said: "Upon a thorough examination of the question, we are forced to the conclusion that either in civil or criminal cases the denial of a trial by jury is merely error to be corrected on appeal, and does not go to the jurisdiction of the court, so that it may be inquired into on habeas corpus, except in those cases where a jury cannot be waived and therefore is a necessary constituent part of the court."

The law on the point as established by the supreme court of California is stated in 13 California Jurisprudence, page 237, section 18, as follows: "A jury trial may be waived in civil cases and in criminal cases not amounting to a felony. Accordingly, in any case in which such a trial may be waived, and in which a jury is not a necessary constituent of the court, the refusal to allow a jury is mere error of procedure. Such error does not go to the jurisdiction of the court and cannot be reviewed on habeas corpus."

■ The limitation of inquiry by habeas corpus was declared in an early decision of this court. Ex Parte Winston, 9 Nev. 71. The petitioner had been found guilty in a justice's court, of the offense of playing at a game of chance for gain on the first day of the week, commonly called Lord's Day, and was held in the custody of the sheriff in default of the payment of the fine imposed, and sought release by habeas corpus. He claimed that the court had no jurisdiction because no public offense was specified in the commitment. He sought to maintain his position upon the theory that the law under which he was convicted and sentenced had been repealed by a later law. The court held that the point could not be considered on habeas corpus. The court said: "A habeas corpus is not a writ of error. It cannot be used to authorize the exercise of appellate jurisdiction. On a habeas corpus the judgment of an inferior court cannot be disregarded. We can only look at the record to see whether a judgment exists, and have no power to say whether it is right or wrong. It is conclusively presumed to be right until reversed; and when the imprisonment is under process, valid on its face, it will be deemed prima facie legal, and if the petitioner fails to show a want of jurisdiction in the magistrate or court whence it emanated, his body must be remanded to custody."

The principle declared in Ex Parte Winston was applied in Ex Parte Twohig, 13 Nev. 302, and Ex Parte Bergman, 18 Nev. 331, 4 P. 209.

In United States v. Oates, 61 F. (2d) 536, 537, Ninth Circuit Court of Appeals, Judge Norcross said: "The Winston Case * * * has been widely cited as an authority on the limitations of proceedings in habeas corpus generally."

■ As previously stated, the fact that there was no appeal from the judgment of the district court does not affect the principle that habeas corpus is not available for the consideration of nonjurisdictional errors.

In Ex Parte Sloan, 47 Nev. 109, 217 P. 233, we did consider and determine that the provision of the charter of the city of Reno in the act of 1905, authorizing trial without jury in cases of violations of city ordinances or provisions of the charter of a police nature, was not in conflict with the constitutional guarantee of a jury trial. The objection, however, that habeas corpus could not be employed for such an inquiry, was not raised in Ex Parte Sloan. Here the point has been made and elaborately briefed. It cannot therefore be evaded. In re Fife, supra.

It is ordered that the writ be dismissed and petitioner is remanded to the custody of the chief of police of said city of Reno for the execution of sentence.

## ON PETITION FOR REHEARING

November 10, 1939.                          95 P.(2d) 994.

For former opinion, see 59 Nev. 309, 92 P.(2d) 976.

*Harry Swanson, Geo. S. Green,* and *John P. Thatcher,* for Petitioner.

*Douglas A. Busey,* City Attorney, for Respondent.

*Per Curiam:*

It is ordered that the petition for rehearing in the above-entitled cause be denied.

It is further ordered that the petitioner, Robert Ohl, be and he is hereby remanded to the custody of the chief of police of the city of Reno, Nevada, for the execution of sentence.

TABER, C. J., concurring:

The constitutional guaranty of trial by jury does not, in my opinion, extend to the kind of offense of which petitioner was convicted. State ex rel. Connolly v.

Parks, 199 Minn. 622, 273 N. W. 233; In re Davis, 28 Ariz. 312, 236 P. 715. Otherwise I should be inclined to favor a rehearing.