IN THE MATTER OF THE APPLICATION OF LADELL McKAY FOR A WRIT OF HABEAS CORPUS.

No. 3460

April 16, 1946.                                          168 P. 2d 315.

*George Lohse,* of Reno, for Petitioner.

*Alan Bible,* Attorney General, *Homer Mooney* and *George P. Annand,* Deputy Attorneys General of Carson City, and *Melvin E. Jepson,* District Attorney of Washoe County, of Reno, for Respondent.

## OPINION

By the Court, DUCKER, J.:

The petitioner, Ladell McKay, on the 25th day of January 1945 was convicted in the Second judicial district court of the crime of murder of the first degree, by the killing of one Robert L. Flindt. The jury before whom he was tried did not in their verdict fix the punishment and the trial court, on the 7th day of February 1945 pronounced judgment and sentence of death upon petitioner and placed him in the custody of the warden of the state prison where he now remains. He appealed from said judgment and from the order denying his motion for a new trial, and the supreme court made an order suspending the exceution of said judgment and sentence until the determination of the appeal.

On the 16th day of January 1946 the judgment and order of the trial court were affirmed and this court directed the district court to make the proper order for the carrying into effect by the warden of the state prison of the said judgment. State v. McKay, 63 Nev. 118, 165 P. 2d 389. Petitioner filed a petition for rehearing which was denied on March 19, 1946. 63 Nev. 180, 167 P. 2d 476. This court filed its opinion in each instance.

Pursuant to the above-mentioned directive the trial court issued a warrant of execution and ordered said warden to execute the judgment and sentence of death within the limits of the state prison on Monday, April 22, 1946. Whereupon petitioner filed in this court a petition for a writ of habeas corpus, which was issued by the chief justice. In his petition he alleged that he is imprisoned unlawfully and restrained of his liberty in

the Nevada state prison by Richard Sheehy, the warden thereof. The illegality of his imprisonment is put upon the ground of his having been handcuffed in the presence of the jury by whom he was tried during his trial for murder in the said district court. In this regard it is alleged that he was denied the protection of the law as guaranteed by article XIV, section I of the amendments to constitution of the United States of America, and article I, section I and section VIII of the constitution of the State of Nevada. The illegality of his imprisonment is also put upon the ground that he was stripped, beaten and slapped by the chief of police of the city of Reno on November 26, 1944, whereby he was forced to admit to said chief of police that he engaged in an altercation with Robert L. Flindt for the purpose of robbing him, which forced admission was not true. In this connection he alleged that he did not realize the legal significance of said admission, and did not communicate the circumstances of its procurement to his attorney, George Lohse, Esq., who did not learn of said beating and slapping until during the month of March 1946. Petitioner further alleged that he was denied his rights as provided in section 10656, N. C. L. 1929, in that he was subjected to more restraint than was necessary for his detention to answer the charge of murder for which he was tried, by reason of his being handcuffed as aforesaid.

The respondent warden on April 10, 1946, filed his return to the writ and brought petitioner into court, at which time a full hearing was had, during which petitioner was represented by his attorney, George Lohse, Esq., and the matter was submitted to this court for decision.

■ Petitioner contends that he was denied his constitutional right of due process as guaranteed in the federal and state constitutions by reason of his being handcuffed during the trial as alleged in his petition. This question was decided adversely to petitioner on his appeal in this court in State v. McKay, 63 Nev. 118, 165

P. 2d 389. In that case we held that the trial court did not abuse its discretion in permitting petitioner to be tried with handcuffs, or in refusing to order them removed on his motion, and that no legal or constitutional rights of petitioner were transgressed thereby. Nothing appearing in the petition for the writ of habeas corpus, or from the proceedings had thereon, or argument of his counsel, or otherwise, has caused us to doubt the soundness of the conclusions we reached and expressed in State v. McKay, supra, and in our opinion denying a rehearing. To again discuss in detail as we did in these opinions, the evidence bearing on the question of the shackling and the applicable law, would serve no useful purpose and we decline to do so. We content ourselves here merely in pointing out that in those opinions we gave to the questions posed by petitioner being handcuffed during the trial, and the trial court's refusal to remove the handcuffs on his motion, the most careful consideration and discussed it extensively, not only as to its legal aspects, but with reference to constitutional guarantees. It will be observed that in those opinions the evidence was reviewed exhaustively and that it was found not only that there was substantial evidence in the record to support the judgment, but that the evidence proved petitioner guilty of murder of the first degree beyond a reasonable doubt; and we stated that had it not been so we would have reversed the case. We went further in this regard than the law requires in such a case because we believed that the great weight of evidence showing guilt of first degree murder bore strongly against the probability of injury to the accused by reason of the shackling. This together with the trial court's knowledge of the past criminal conduct of petitioner, including his escape from a military guardhouse and his attempted escape from the Washoe County jail only two days before his trial as detailed in said opinions, and the principles of law involved therein stated, convinced us that the trial court did not abuse its discretion in permitting petitioner to be tried with handcuffs, or in

refusing to order them removed, and that the court's action in these respects did not deprive petitioner of a fair trial. We refer to State v. McKay, supra, as authority warranting the dismissal of this proceeding so far as the shackling is concerned.

In support of the allegation in the petition for the writ that petitioner was stripped, beaten and slapped by the chief of police of the city of Reno, and thereby forced to make an untrue admission to said chief of police that he engaged in an altercation with said Robert L. Flindt for the purpose of robbing him, petitioner presented on the hearing in this proceeding, affidavits of two police officers of the city of Reno, and an excerpt from the testimony of said Chief of Police Fletcher given during a civil service appeal hearing regarding the dismissal of certain police officers from the police force of said city of Reno, during the month of March 1946. One affiant avers that on November 26, 1944, when he was then a police officer, he was at the police station in Reno when the police officers were booking petitioner at the booking window and saw Chief Fletcher hitting petitioner with his fists in the ribs and saw Detective Cowan hit him over the shoulders and across the kidneys with a sap, or a black jack, and heard Fletcher say to petitioner, "You guys from Chicago can't pull that stuff here—when you come to my office or the office of the detective you be prepared to talk or you will get some more of this." The affiant avers that petitioner was standing without any shirt on during the time they were beating him and the part of his body he could see was bare. The affidavit of the other police officer who stated that he was present at that time at the police station, is of similar import.

The substance of the testimony given by Chief of Police Fletcher during the civil service appeal hearing, as appears from the excerpt offered by petitioner, is that on November 26, 1944, in the Reno police station he may have made the statement to petitioner: "You

guys from Chicago can't pull that stuff here, and when you come to my office, or the detective office, you want to come prepared to talk, or you will wish you had." And further: "I slapped him (petitioner) with my open hand. He would not talk. I don't believe I hit him too hard, just to try to jar him up; he was drinking quite a bit." Further testimony appears in the excerpt in regard to the statement and the slapping, but it is unnecessary to detail it.

■ The respondent objected to the admission of the affidavit and the excerpts of the testimony of Chief of Police Fletcher, and they were admitted subject to the objection. We now sustain the objection and exclude from consideration the affidavits and the excerpt of testimony. On this account we also exclude from consideration the six counter affidavits offered provisionally by respondent denying that petitioner was subjected to any duress to induce him to make his confession.

■■ It has long been well settled that habeas corpus cannot be used to authorize the exercise of appellate jurisdiction. Ex parte Winston, 9 Nev. 71; Ex parte Maxwell, 11 Nev. 428; Ex parte Gafford, 25 Nev. 101, 57 P. 484, 83 Am. St. Rep. 568; Ex parte Davis, 33 Nev. 309, 110 P. 1131; In re McCabe, 53 Nev. 463, 5 P. 2d 538; Ex parte Ohl, 59 Nev. 309, 319, 92 P. 2d 976, 95 P. 2d 994; Bowen v. Johnston, 306 U. S. 1930, 59 S. Ct. 442, 83 L. Ed. 455; 39 C. J. S. Habeas Corpus, sec. 15, p. 444. In a habeas corpus proceeding the court has no power to review a case on its merits. Such would be the effect here if we permitted the use of the affidavits and excerpt of testimony for the purpose of showing that the confession testified to by the Chief of Police was involuntary. Errors and irregularities not involving questions of jurisdiction are beyond the legitimate scope of inquiry by habeas corpus. Ex parte Winston, supra; Ex parte Bergman, 18 Nev. 331, 4 P. 209; Ex parte Dela, 25 Nev. 346, 60 P. 217, 83 Am. St. Rep. 603; Ex parte Ohl, supra; 39 C. J. S. Habeas Corpus, supra.

Rulings of the trial court with respect to the admission or exclusion of evidence fall within the above category. Ex parte Dixon, 43 Nev. 196, 183 P. 642; Ex parte Speer, 53 Idaho 293, 23 P. 2d 239, 88 A. L. R. 1086; 39 C. J. S. Habeas Corpus, sec. 21, p. 470, n. 4; 25 Am. Jur. 183, sec. 53. Such errors are properly reviewable on appeal. The Eureka County Bank cases, 35 Nev. 80, 126 P. 655, 129 P. 308, relied on by petitioner, have no application. In those cases there had been no trial and conviction, as here.

■ While there was no error in the admission of the confession, yet if it had been shown at the trial that Chief of Police Fletcher by duress had induced it, the error of admitting it in evidence could not be reviewed and corrected on habeas corpus under the principles above stated. The time to inquire into the admissibility of the confession and to have made a showing against its voluntariness, was when it was offered during the progress of the trial, and if any error was committed in its admission in evidence, it could have been assigned as such and corrected on appeal. It is obvious that if any stripping, beating and slapping had been administered to petitioner to exhort the confession, such duress was known to him and should have been made known to his attorney to enable him to take the appropriate steps to protect his rights at the trial and on appeal. His contention that he did not realize the legal significance of the confession cannot avail to retry the admissibility of the confession in this proceeding.

As was said in Wilcoxon v. Aldredge, 192 Ga. 634, 15 S. E. 2d 873, 876, 146 A. L. R. 365:

"What is here said is equally applicable to a complaint that a confession was not admissible in evidence, because it was in fact obtained by duress. If this be true and had been shown, the confession would have been inadmissible, * * *; but the applicant is not now at liberty to prove, by way of a petition for habeas corpus, that it was involuntary. The judgment of conviction forecloses

that question, except in proceedings provided for the review and correction of errors."

In Burall v. Johnston, Warden, D. C., 62 F. Supp. 825, the court held:

"That evidence was allegedly obtained by coercion at preliminary hearing before commissioner was not a ground for issuance of habeas corpus, where circum-stances of alleged confession could have been inquired into during progress of trial which followed and error committed, if any, could have been corrected on appeal."

The court, supra, quoted from Burall v. Johnson, 9 Cir., 134 F. 2d 614, as follows:

"The time to inquire into the circumstances of the confession was during the progress of the trial, and error committed, if any, was subject to correction on appeal."

■ In fact, the matter contained in the affidavits and the excerpts of testimony is in the nature of newly discovered evidence which is available only on a motion for a new trial, or in an appeal to the clemency of the pardoning power.

In United States v Hill, D. C., 31 F. Supp. 27, it was held that after discovered evidence tending to show that another had confessed to perpetrating the offense for which the accused was convicted, might be made the basis of a plea for executive clemency, but afforded no ground for relief in habeas corpus. The court said:

"The question presented here is one bearing solely on the merits of the case, and raising no error which appears on the face of the record. In a habeas corpus proceeding the court has no jurisdiction to review the case on its merits, but is limited solely to an investigation whether all prior steps have been legal and have protected petitioner's constitutional rights, and whether the record so indicates."

For the reasons given the affidavits of the police officers and the excerpt of testimony of Chief of Police Fletcher were immaterial, irrelevant, and incompetent.

What we have said with reference to the shackling of petitioner at the trial likewise disposes of the allegation of the petition that petitioner was denied his rights as provided in section 10656, N. C. L. 1929.

The proceeding is dismissed and the petitioner is remanded to the custody of the warden of the state prison.