IN THE MATTER OF THE APPLICATION OF BEAUFORD
JOHNSON FOR A WRIT OF HABEAS CORPUS.

No. 4211

June 16, 1959

340 P.2d 585

Petitioner in pro. per.

## OPINION

*Per Curiam:*

This is an original petition for a writ of habeas corpus
in which the petitioner has applied in propria persona.
The petitioner alleges that he has been confined in the
state prison since September 24, 1958 under a sentence
of ten months; that prior thereto and on or about May
14, 1958 petitioner had pleaded guilty to the charge of
grand larceny and was sentenced to a term of two years;
that ten months was deducted from said term for the
period petitioner had been confined while awaiting trial
and that for the balance of said two-year term petitioner
was placed on 14 months' probation; that during said
14 months' probation petitioner was accused of reckless
driving and was re-sentenced to ten months in the state
prison; that the said sentence expired on or about the
4th day of June, 1959; and that therefore the present
restraint of petitioner is illegal.

The foregoing has substantially the wording of the petition and it is apparent that aside from the legal conclusion that the sentence has expired and that the restraint of petitioner is illegal, the petition shows neither the expiration of the sentence nor an illegal restraint of petitioner. The petition is silent as to the commencing date of confinement in the state prison; it states that petitioner was re-sentenced to ten months in the state penitentiary which is inconsistent with his subsequent allegation that the minimum sentence is one year, and it thus appears that the petitioner has confused the period of sentence with the time to be served after deductions in time for good conduct.

Each convicted person is entitled to credits on term of imprisonment unless the board of prison commissioners shall find that for misconduct or other cause reported by the warden he should not receive them.

In applications of this nature the court will presume that the restraint is proper unless the allegations of the petition are sufficient to negative such presumption. Ex Parte Murray, 39 Nev. 351, 157 P. 647; In Re Ohl, 59 Nev. 309, 318, 92 P.2d 976, 95 P.2d 994.

The petition is dismissed without prejudice.