William H. Johnson, Jr., J.
Defendant Donald E. Sands was arraigned in this court on August 22, 1963, upon a charge of violating subdivision b (par. 3) of section 1180 of the Vehicle and Traffic Law, upon a simplified information signed and sworn to by officer David Eggleston on August 21, 1963.
At arraignment defendant appeared by his attorney and entered a plea of not guilty. At that time defendant moved to dismiss the information on the ground that, on its face, it appeared that this court lacked jurisdiction. Decision was reserved on this motion, the case was adjourned to August 28, and thereafter further adjournments were had day-to-day for decision.
The information reads as follows:

Nowhere in the information is it alleged that the traffic infraction occurred within the City of Binghamton, County of Broome and State of New York. Nor does the uniform traffic ticket No. 63180, issued to defendant at the time of his arrest, state that the infraction occurred within the City of Binghamton. It merely states that it occurred ‘6 at Court St. County 5
The People contend that sections 147-c, 147-d and 147-e of the Code of Criminal Procedure, pertaining to simplified traffic informations, were complied with in this case and, accordingly, that the information is sufficient to confer jurisdiction upon this court and that, furthermore, it may be amplified by a bill of particulars. Defendant, on the other hand, contends that the *96 information, jurisdictionally defective on its face, cannot be so corrected by a bill of particulars.
This, so far as now appeal’s, is a case of first impression on this subject, and no authorities precisely on point have been called to the court’s attention, nor has research disclosed any. As pointed out by the District Attorney, the purpose behind the simplified information provided for in chapter 605 of the Laws of 1962 was to provide an information of sufficient brevity to be used in packet form with the uniform traffic ticket. Defendant’s right to know the nature and details of the charge being brought against him was safeguarded by providing for a bill of particulars after arraignment. Nowhere in the legislative history of the above sections does there appear to be an expression of intent to change the rigid requirements of conferring jurisdiction upon courts of limited territorial jurisdiction or to eliminate the need for some such territorial allegation.
The authorities cited by the District Attorney, including People v. Riforgiato (19 A D 2d 132), all have to do with sufficiency of informations or indictments with regard to the specific elements constituting the crime or offense charged, and not with allegations bringing such crime or offense within the territorial jurisdiction of the court.
Even if it is to be assumed that, in keeping with legislative intent, the uniform traffic ticket may be read in conjunction with the simplified information to supply jurisdictional facts, no such facts appear in the ticket issued to defendant Sands. It cannot have been the intent of the Legislature to eliminate the requirement of some jurisdictional allegation and it is, therefore, the holding of this court that the information is fatally defective, and that this court lacks jurisdiction over the alleged infraction. The information is dismissed and the defendant discharged.