IN THE MATTER OF THE APPLICATION OF WILLIAM B. ALEXANDER FOR A WRIT OF HABEAS CORPUS.

No. 4758

June 25, 1964                    393 P.2d 615

*Robert F. List,* Carson City, for Petitioner.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, Washoe County, and *Herbert F. Ahlswede,* Chief Criminal Deputy, Washoe County, for Respondent.

**O P I N I O N**

By the Court, BADT, C. J.:

This is an original petition to this court for a writ of habeas corpus. Petitioner had previously sought a writ of habeas corpus from the First Judicial District Court, Ormsby County, Nevada, which was denied on December 18, 1962. On March 2, 1964, this court dismissed Alexander's attempted appeal from the district court's denial of the writ. He then initiated this proceeding.

The petition was drawn by the petitioner in longhand and enumerates a number of alleged errors committed

by the trial court during his trial wherein he was found guilty of first degree murder and sentenced to life imprisonment without possibility of parole. With the exception of the jurisdictional question hereinafter discussed, none of the errors assigned by petitioner during the course of his trial affected the jurisdiction of the trial court. The law is well settled in this state that a writ of habeas corpus cannot be used to perform the functions of an appeal or a writ of error but can only review questions going to the jurisdiction of the court. Ex parte Sheply, 66 Nev. 33, 202 P.2d 882; Ex parte McKay, 63 Nev. 262, 168 P.2d 315; Ex parte Davis, 33 Nev. 309, 110 P. 1131; Ex parte Ohl, 59 Nev. 309, 92 P.2d 976, 95 P.2d 994.

The ground to which we now devote our attention is that the indictment by the grand jury charging petitioner with murder failed to allege that the murder was committed in the State of Nevada, and that by reason of such failure the trial court never obtained jurisdiction of the offense or of the petitioner. The indictment was in the following language:

### "INDICTMENT

"Defendant, William Alexander, is accused by the Grand Jury of Washoe County, State of Nevada, of a felony, to-wit: MURDER, committed as follows:

"That the said defendant, on or about the 13th day of January, 1962, did wilfully, unlawfully and feloniously, with malice aforethought, kill one CLYDE HAROLD STARR, a human being, by hitting the said CLYDE HAROLD STARR on or about the head with a blunt instrument, thereby inflicting mortal wounds upon him, the said CLYDE HAROLD STARR, from which said mortal wounds the said CLYDE HAROLD STARR died within a year and a day after the infliction of said mortal wounds, to-wit: On the 13th day of January, 1962."

No demurrer or other objection to or attack upon the indictment was made prior to the filing of the present petition.

In State v. Chamberlain, 6 Nev. 257, the indictment for the crime of murder similarly failed to allege that the

crime occurred within the State of Nevada. The trial court, on motion of the state, permitted an amendment to the indictment to state the venue of the crime. The opinion does not indicate that the defendant demurred to the indictment or objected to the amendment. Defendant appealed from his conviction of second degree murder. This court held that an allegation of the place where the crime occurred was a manifestly material allegation "as much so as any fact constituting the body of the offense itself," even though the statutory form of indictment then used did not so require.[1] This court reversed the conviction, holding that such a material allegation in a grand jury indictment cannot be supplied by the trial court.

In Houser v. District Court, 75 Nev. 465, 345 P.2d 766, 78 A.L.R.2d 1096, we granted prohibition against the trial of the petitioners because the amended information did not charge a public offense in stating that the petitioners did steal, take, and carry away the carcass of a bovine animal, the personal property of another, with attempt to appropriate the same to their own use. The defendants demurred, moved to quash the amended information, and to dismiss the action on the ground that the amended information failed to allege that the value of the carcass of the dead cow allegedly stolen was $100 or more, so that the offense of grand larceny had not been alleged. This court, citing In re Waterman, 29 Nev. 288, 89 P. 291, 11 L.R.A.,N.S., 424, held "that there can be no conviction for or punishment of a crime without a formal and sufficient accusation; that, in the absence thereof, a court acquires no jurisdiction whatever, and if it assumes jurisdiction such trial and conviction would be a nullity * * *." A peremptory writ of prohibition was issued.

The rule requiring the allegation in the indictment that the crime occurred within the State of Nevada has been followed in other jurisdictions, People v. Webber,

---

[1] The statute in effect at the time the indictment in the instant case was found by the grand jury and the form of the indictment required thereby included a statement of the county and state where the crime was committed. NRS 173.240, NRS 173.310.

133 Cal. 623, 66 P. 38; State v. Slater, 71 Idaho 335, 231 P.2d 424; People v. Sands, 40 Misc.2d 94, 242 N.Y.S. 2d 700 (1963). See Dippold v. Cathlamet Timber Co., 98 Ore. 183, 193 P. 909 (see also Annot., 59 A.L.R.2d 901), and other cases, all holding that where the information fails to allege that the offense was committed in the state in question it fails to allege facts sufficient to confer jurisdiction upon the court trying the case, and the failure being fatal to the sufficiency of the information could not be cured by evidence tending to show where the crime was committed.

Respondent contends that the petitioner's failure to interpose a demurrer at the arraignment and the fact that he raises the point here for the first time should defeat the issuance of the writ, and cites State v. O'Flaherty, 7 Nev. 153; State v. Hughes, 31 Nev. 270, 102 P. 562; State v. Raymond, 34 Nev. 198, 117 P. 17; and Ex parte Breckenridge, 34 Nev. 275, 118 P. 687. None of such cases is contrary to the rule above stated. NRS 174.310.

Respondent also relies on State v. Buralli, 27 Nev. 41, 71 P. 532, to the effect that where the county and court have been properly described in the title, it may be assumed that the grand jury "in regular organization and attendance upon the court is necessarily one within and for the county where the court is in session * * *." To say that such ruling governs the present case is an erroneous application of the holding.

We are compelled to hold that the failure of the indictment to allege that the crime was committed in the State of Nevada was fatal and that the district court never acquired jurisdiction to try the case, and that its judgment was void. It is ordered that the petitioner be discharged from custody. However, as it is apparent from the evidence that the homicide has been committed and that there is probable cause to believe that petitioner is the one who committed the homicide and that such homicide was committed within the State of Nevada, the

district attorney is not precluded from submitting the matter to another grand jury, or in lieu thereof, from proceeding by filing an information, or from immediately re-arresting the petitioner in contemplation of such charge. An acquittal or a conviction by a court having no jurisdiction is void; therefore, it is not a bar to subsequent indictment and trial by a court which has jurisdiction over the offense. United States v. Sabella, 2 Cir. 1959, 272 F.2d 206; United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); Kepner v. United States, 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114. See 16 Rutger's Law Review, 1961–62, 598.

McNAMEE and THOMPSON, JJ., concur.