Samuel Fiandach, J.
The defendant, Frank J. Lupiani, was arraigned before this court on August 2, 1967 upon various motor vehicle charges including a charge for “speeding” in violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law of the State of New York, as evidenced by the complaint on Ticket No. 89998, and violation of subdivision (a) of section 1126 of the Vehicle and Traffic Law of the State of New York, to wit, crossing double lines, as evidenced by the complaint on Ticket No. 98277. The defendant pleaded not guilty and moved to dismiss the information on each of the respective charges on the grounds that on its face, it appeared that this court lacked jurisdiction.
*2 Ticket No. 89998 charges the defendant with “speeding”, to wit, driving 90 miles per hour in a 35-miles-per-hour zone. The complaint portion of the uniform traffic packet alleges that one Frank J. Lupiani of 195 Sherman Street, Rochester, New York, Operator’s License No. L21605-63684-286569, date of birth October 13, 1947, did, while operating a 1967 Corvair on the 14th day of July, 1967 at 11:22 p.m. in the County of Monroe and Town of Irondequoit, violate subdivision (d) of section 1180 of the Vehicle and Traffic Law of the State of New York. The information was duly subscribed and sworn to before Lt. R. Shaffer of the Irondequoit Police Department.
It is a basic rule of law that the alleged violation must be specifically charged in the information with clarity and exactness (People v. Grogan, 260 N. Y. 138).
Subdivision (d) of section 1180 of the Vehicle and Traffic Law of the State of New York reads “whenever maximum speed limits * * * have been established as authorized in * * * [section 1622] * * * no person shall drive in excess of such maximum speed limits ’ ’.
The information herein clearly sets forth the time and place, to wit, the “ Town of Irondequoit, County of Monroe ”. Such allegation is sufficient to confer jurisdiction upon the Court of Special Sessions in the Town of Irondequoit (Code Crim. Pro., § 56, subd. 35).
The complaint alleges a speed in excess of the established limit of 35 miles per hour, which adequately spells out the nature of the charge. The complaint further alleges the necessary facts, as distinguished from conclusions, to constitute the violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law of the State of New York. Defendant cites the case of People v. Sands (40 Misc 2d 94) in his argument on the question of jurisdiction of the court. A careful analysis and reading of that case indicates that the information failed in the case of People v. Sands to allege that the violation occurred within the city limits of the City of Binghamton and on that basis, the court found that the City Court, a court of limited jurisdiction, rightfully had no jurisdiction and that the information was insufficient on its face.
In the case at bar, we have no such defect as the complaint clearly sets forth that the infraction occurred in the “ Town of Irondequoit ”. Any additional information as to specific place is appropriately available by demand for a bill of particulars.
The defendant further cites the case of People v. Bremner (51 Misc 2d 632). The court completely disagrees with the ruling in that case in view of the fact that the Honorable Justice *3 writing that decision did not inform himself with the fact that the Commissioner of Motor Vehicles had approved the form used by the arresting officer several years prior to the date of the arrest in that case. The court has heretofore passed on the very issue raised in the case of the People v. Bremner and, therefore, does not recognize it as authority on the points raised therein.
It is the finding of this court that the complaint filed with this court is sufficient to confer jurisdiction upon it and the motion to dismiss is thereby, in all respects, denied and the matter is hereby ordered to be set down for trial.
Inasmuch as the same objections have been raised with reference to the complaint in Ticket No. 98277 and in view of the fact that the identical state of facts exists in the complaint on said Ticket No. 98277 with the additional factor that the police officer set forth the street as well as the Town of Irondequoit, the court hereby finds that the complaint is sufficient and adequate to confer jurisdiction upon it and the motion to dismiss is hereby, in all respects, denied and these cases are hereby set for trial on November 22, 1967 at 8:00 p.m. at the Town Hall, Town of Irondequoit, 1280 Titus Avenue, Rochester, New York 14617.