ARCHIE GLASGOW, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 7475

October 25, 1973                    515 P.2d 64

*James L. Buchanan, II,* of Las Vegas, for Appellant.

464

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

After a preliminary examination held pursuant to a criminal complaint charging *grand larceny* (NRS 205.200), the magistrate ordered appellant held for trial for *cheating at gambling* (NRS 465.070). Under the magistrate's commitment order the state filed, as Case No. 25002, an information in the district court, mistakenly charging appellant with *grand larceny.* A pretrial petition for habeas corpus alerted the district attorney to his mistake, and he immediately moved to amend the information to charge *cheating at gambling.* The trial court denied the motion to amend and granted habeas. The correctness of that ruling is not before us.[1] The district attorney acquiesced therein, and did not appeal.

At this juncture the district attorney could have again submitted charges to a magistrate, or to a grand jury. Ex Parte Alexander, 80 Nev. 354, 393 P.2d 615 (1964). Cf. NRS 34.590; McGee v. Sheriff, 86 Nev. 421, 470 P.2d 132 (1970). Instead, without notice of motion, he orally moved for and was granted leave to file a new information, in the same case, charging *cheating at gambling.* A second habeas petition challenged the jurisdiction of the trial court to proceed in the case under the newly filed information. Habeas was denied and this appeal follows.

Appellant's central contention is that the trial court was without jurisdiction to grant leave to file a new information. He argues that, when the first habeas petition was granted, further proceedings in Case No. 25002 were foreclosed. In the circumstances concerned here, we agree.

---

[1]Consider: NRS 173.095; Martin v. Sheriff, 88 Nev. 303, 496 P.2d 754 (1972).

The first habeas proceedings terminated Case No. 25002, absent an appeal, or some proper motion after judgment, made on due notice. See, for example, DCR 20. Thus, the second habeas petition should have been granted, without prejudice to institution of proper proceedings.

The state shall be allowed 15 days from the issuance of the remittitur in this case to initiate new proceedings against appellant; McGee v. Sheriff, *supra;* Ex Parte Alexander, *supra;* Ex Parte Smith, 33 Nev. 466, 111 P. 930 (1910); otherwise, he shall be discharged. Cf. Austin v. State, 87 Nev. 578, 491 P.2d 724 (1971).

Reversed.